# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00215-CR

**Chukwuemeka Mbata, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-09-302008, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted Chukwuemeka Mbata of aggravated assault of a child, a first-degree felony. *See* Tex. Penal Code § 22.021. The trial court assessed punishment at forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In three issues, appellant contends that (1) the trial court erred by failing to conduct an *in camera* hearing pursuant to Texas Rule of Evidence 412(c), which sets forth the procedure for offering evidence of an alleged sexual-assault victim's past sexual behavior; (2) the trial court improperly admitted an exhibit that was not properly authenticated; and (3) he was denied effective assistance of counsel. We will affirm.[1]

---

[1] The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

**DISCUSSION**

We first address appellant's contention that the trial court improperly failed to hold the *in camera* hearing required by Texas Rule of Evidence 412(c). *See* Tex. R. Evid. 412(c). This rule provides that when a defendant proposes to introduce evidence concerning specific instances of the alleged victim's past sexual behavior and has informed the court, out of hearing of the jury, of his intent to do so, "the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible" under Rule 412(b).[2] *Id.* "*In camera* hearing" denotes a judicial session held either in the judge's chambers or in the courtroom with all spectators excluded. *See LaPointe v. State*, 166 S.W.3d 287, 293 (Tex. App.—Austin 2005, pet. dism'd). The purpose of the *in camera* hearing is to ensure that the court "can first hear and evaluate the probity of the evidence of an alleged victim's sexual history in a private setting before allowing that sensitive information to be interjected into the public domain." *Id.* at 295.

Here, counsel for appellant gave notice of his intent to introduce evidence of the victim's past sexual behavior and requested that the trial court conduct an *in camera* hearing pursuant to Rule 412. Appellant's motion further requested that the court rule that the proffered evidence was admissible and the failure to permit the presentation of that evidence would prejudice appellant's ability to present a defense. In an amended notice, counsel for appellant identified the evidence he sought to admit, including a Child Protective Services report containing a statement that the victim had engaged in sexual intercourse with her boyfriend on more than one occasion prior to

---

[2] Rule 412(b) provides the conditions under which otherwise inadmissible evidence of a sexual-assault victim's past sexual behavior may be admitted. *See* Tex. R. Evid. 412(b).

2

the assault with which appellant was charged and that, according to the Austin Police Department incident report, the victim told medical personnel that she had had sexual intercourse with another male before she was assaulted by appellant.

The sexual assault took place on April 15, 2009, and the 11-year-old victim made an outcry statement during a forensic interview on May 1, 2009. On May 22, 2009, the victim underwent an ultrasound that indicated she was pregnant. The pregnancy was terminated that day, and a DNA profile of the fetal material showed that appellant's DNA profile was identical to that of the fetus and that he could not be excluded as the father.[3] According to appellant, evidence of the victim's previous sexual activity was admissible because it tended to show the victim's motive for fabricating evidence against appellant, which he described as her desire to conceal her previous sexual activity and to make it appear that appellant, rather than the victim's boyfriend, was the father of the child.

The reporter's record reflects that, on the first day of trial and without the jury present, the court held a hearing on the admissibility of the evidence appellant proposed to admit regarding the victim's sexual history. The trial court summarized the proposed evidence and clarified that appellant wanted to present this evidence to show that the victim's motive for lying about the sexual assault was that she was pregnant and did not want to tell anyone. Counsel for appellant argued that the motive was also that the victim was reluctant to reveal who had impregnated her or to admit to

---

[3] DNA evidence obtained during an examination conducted by a Sexual Assault Nurse Examiner was analyzed by a forensic examiner, who concluded that the DNA profile was consistent with appellant and the probability of selecting an unrelated person who could be a contributor was 1 in 1.093 million.

her parents that she and her boyfriend had had sexual intercourse. Counsel for appellant argued that the victim had "concocted a story identifying [appellant] as the perpetrator in order to fake culpability to protect her boyfriend." The State responded that the proposed evidence did not fall within any of the categories in Rule 412 that would make this otherwise inadmissible evidence admissible. *See* Tex. R. Evid. 412(b)(2) (such evidence is admissible if necessary to rebut or explain scientific or medical evidence offered by State, evidence of past sexual behavior with accused upon issue of whether victim consented to sexual behavior forming basis of offense charged, evidence of criminal conviction admissible for impeachment purposes, or evidence constitutionally required to be admitted). The State also argued that, in light of the DNA evidence regarding paternity, its probative value would be outweighed by the danger of unfair prejudice. In response, counsel for appellant argued that the evidence would be used to impeach the victim's testimony and was constitutionally required to be admitted because "[i]f we show she has a motive to fabricate a story, the Constitution requires that we be allowed to examine that motive and present evidence of it to the jury." The trial court then stated that, assuming the truth of the evidence proffered by appellant, the prejudicial value of such evidence would outweigh any probative value in light of the DNA evidence obtained from both the fetal material and the Sexual Assault Nurse Examiner exam and the fact that the victim made an outcry of the sexual assault for which appellant was charged before she was aware that she was pregnant. The trial court then made an oral ruling denying appellant's request to introduce evidence at trial regarding the victim's past sexual behavior.

In his first issue on appeal, appellant argues that the trial court erred in failing to hold the required *in camera* hearing on his request to present evidence of specific instances of the victim's

4

past sexual behavior. As set forth above, the record plainly refutes this contention. The trial court held the hearing, permitted counsel for appellant to argue why the proffered evidence was admissible under Rule 412, made its ruling, and provided an explanation therefor. Appellant devotes the bulk of his briefing on this issue to a discussion of the undisputed principle that a rule prohibiting the introduction of evidence regarding a sexual-assault victim's consensual sexual activity with persons other than the defendant is unconstitutional "unless given a judicial gloss requiring a hearing out of the jury's presence so that the defendant, upon motion, may be given an opportunity to demonstrate that due process requires the admission of such evidence because probative value in the context of that particular case outweighs its prejudicial effect on the [victim]." *Allen v. State*, 700 S.W.2d 924, 932 (Tex. Crim. App. 1985) (considering statutory precursor to Rule 412); *LaPointe*, 166 S.W.3d at 297 (quoting *Allen v. State* and holding that parties could not be excluded from *in camera* Rule 412 hearing without running afoul of defendant's confrontation rights). Appellant argues that, in the present case, "none of the procedures for an *in camera* hearing were implemented because the trial court refused to conduct any hearing, review any evidence or hear any testimony that would have been supportive of [a]ppellant's motion." Again, this argument misconstrues what happened in the trial court. The trial court held a hearing at which counsel for appellant was permitted to make any arguments he had regarding the admissibility of the evidence he identified in his motion. The court admitted as exhibits the portions of the two reports proffered by appellant's counsel. Moreover, appellant may not complain on appeal that he was not permitted to present oral testimony at the hearing when the record plainly demonstrates that counsel for appellant made no request to the trial

court to present any such testimony or to examine any witnesses. We overrule appellant's first issue.[4]

In his second issue, appellant contends the trial court erred by admitting into evidence a surveillance video from the liquor store where appellant purchased alcohol that he and the victim later consumed in his apartment prior to the assault. Appellant complains that the video was admitted without being properly authenticated. When the State offered the videotape into evidence at trial, counsel for appellant objected on the ground that the sponsoring witness was not familiar with the operation of the machinery that recorded the video and had no personal knowledge of when or where it was recorded. The trial court overruled the objection, stating that counsel's objections went to the weight of the evidence rather than its admissibility and that counsel could cross-examine the witness regarding those matters.

At trial, the exhibit's sponsoring witness, Austin Police Department Detective Sabrina Nichols, testified that she went to the liquor store and viewed the store's surveillance videotape for April 15, 2009, the date of the assault. In the surveillance video from that day, Detective Nichols observed a man resembling the victim's description of her assailant enter the store. Detective Nichols testified that she obtained a copy of the video from the store's information systems manager, who assisted her in downloading the video to a thumb drive. Detective Nichols later copied the video to a disc, which was the exhibit admitted into evidence at trial.

---

[4] We observe that appellant does not bring an appellate issue challenging the trial court's decision to exclude the proffered testimony but, rather, complains solely of the manner in which that decision was made.

We conclude that the trial court did not abuse its discretion in admitting the exhibit. Rule 901 provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *See* Tex. R. Evid. 901(a). Detective Nichols's testimony satisfied this requirement. The surveillance videotape was offered as a copy of the recording made by the liquor store's surveillance camera on April 15, 2009. The video showed a person entering the liquor store that the victim and appellant visited on their way to appellant's apartment at approximately the time of their visit. Although Detective Nichols testified that the person in the videotape resembled the description of appellant provided by the victim, she did not testify that the person in the videotape *was* appellant. The sole authentication question, therefore, was whether the DVD introduced at trial was an accurate copy of the liquor store's surveillance videotape from April 15, 2009. This authentication question was answered adequately by Detective Nichols's testimony that she viewed the surveillance tape at the liquor store with the store's information systems manager, downloaded the video to a thumb drive, and copied it to the DVD that was introduced into evidence. *See* Tex. R. Evid. 901(b)(1) (testimony of witness with knowledge that matter is what it is claimed to be); *see also Angleton v. State*, 971 S.W.2d 65, 68-69 (Tex. Crim. App. 1998) (witness who viewed both recordings could testify that second tape was accurate copy of original; sponsoring witness need not have personal knowledge of events on recording). We overrule appellant's second issue.

In his third issue, appellant asserts that he was denied effective assistance of counsel when his attorney failed to object to allegedly improper closing argument by the State and failed to present available mitigating evidence during the punishment phase of his trial. A reviewing court

7

on direct appeal will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because, as in the present case, the record in a direct appeal is usually undeveloped and inadequately reflective of possible reasons for defense counsel's actions at trial. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped."); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (trial counsel should ordinarily be afforded opportunity to explain his actions before being denounced as ineffective).

Here, appellant first argues that counsel's assistance was ineffective because he failed to object to what he characterizes as improper jury argument. In closing, the State's attorney said:

> [F]olks, what is going on here is Mr. Mbata is guilty of so much more than just aggravated sexual assault. He has committed an atrocity that we should all fear. Every parent's worst nightmare is that something is going to happen to their child. And in this case we have an 11-year-old girl walking around in the daytime in Austin who is picked up by someone more than twice her age, and then he takes her and gets her drunk and has sex with her and gets her pregnant. You, as citizens of the county, should be fearing that yourselves.

Appellant contends this statement exceeded the scope of proper jury argument because it asked the jurors to put themselves in the place of the victim and her family and was designed to elicit fear for the juror's own safety. Even assuming that the referenced statement constituted improper jury argument, however, appellant has failed to demonstrate that there was no conceivable reason for trial counsel to have failed to object. The appellate record is silent as to why he might have failed to object; consequently, appellant has failed to rebut the strong presumption that trial counsel's decision was reasonable. *See Rylander*, 101 S.W.3d at 110; *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.

8

Crim. App. 1999).[5] The presumption that trial counsel's performance was reasonably based in sound trial strategy, along with the absence of any supporting evidence in the record of unreasonableness, compels us to consider ways in which trial counsel's actions were within the bounds of professional norms. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (in absence of evidence of counsel's reasons for challenged conduct, appellate court will assume strategic motivation if any can possibly be imagined). In the present case it can easily be imagined that trial counsel could have chosen not to object during the State's closing argument as part of trial strategy. One such reasonably sound strategic motivation could have been the desire to avoid drawing additional attention to the prosecutor's characterization of the crime as an "atrocity" in which an adult male picked up a young child while she was walking down the street. Had counsel objected, the prosecutor would have stopped to respond, perhaps explaining why his statement was a plea for law enforcement, thereby further emphasizing the characterization of the crime as more heinous because perpetrated against a young and vulnerable child. Furthermore, an objection lodged to this argument could have been misconstrued by the jury as counsel's taking issue with the prosecutor's characterization of the alleged crime as a "parent's worst nightmare." Thus, the decision not to object could have been strategically motivated; without a record demonstrating otherwise, we cannot find that counsel's decision constitutes deficient performance or that his failure to object was "so

---

[5] In fact, appellant's brief does not advance any argument as to why trial counsel's failure to object could not have been reasonably based in sound trial strategy. And the case cited in appellant's brief to support the proposition that failure to object to improper jury argument constitutes ineffective assistance of counsel is a 2004 court of appeals case that was later reversed. *See Mata v. State*, 141 S.W.3d 858 (Tex. App.—Corpus Christi 2004), *rev'd*, 226 S.W.3d 425 (Tex. Crim. App. 2007).

outrageous that no competent attorney would have engaged in it." *Id.* at 440. Furthermore, even if trial counsel's failure to object constituted deficient performance, appellant has not shown a reasonable probability that the result of the proceeding would have been different had counsel objected to the jury argument. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (to demonstrate that deficient performance prejudiced his defense appellant must show reasonable probability that, but for his counsel's errors, result of proceeding would have been different); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (appellant must show that deficient performance prejudiced his defense).

Appellant also contends that he received ineffective assistance of counsel because his trial counsel did not present available testimony for mitigation purposes during the punishment phase of the trial. This argument suffers from the same deficiencies discussed above. Notably, other than to assert that "numerous family and friends" were present in the courtroom, appellant does not identify what mitigating evidence was available that was not presented. Thus, the record is insufficient to permit this Court to evaluate the merits of appellant's assertion that there was mitigating evidence that should have been presented and, if so, whether trial counsel had a strategic reason for failing to present that evidence to the court during the punishment phase. Nor does the present record permit us to conclude that the punishment assessed would likely have been different if the unidentified mitigating evidence had been presented. We overrule appellant's third issue.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   March 26, 2014

Do Not Publish